The Chicago and Rock Island Railroad Company, Appellant, *v.* Mary Fell, Appellee.

APPEAL FROM PEORIA.

The common law writ of *certiorari* was for the purpose of bringing the record of an inferior court or jurisdiction after judgment before a higher court, to examine if jurisdiction existed in the lower court, and whether it proceedings were regular.

The question of liability of a corporation for committing a trespass, would depend upon a fact, as to the orders and directions of the company to commit or not the act complained of, and a *certiorari*, therefore, was not a proper remedy to authorize a review of the judgment of a justice of the peace, in a case of trespass.

The service of a process upon any agent, other than the law agent of a corporation, is sufficient, if properly made and returned.

On the 12th December, 1854, the appellants presented to the Circuit Court of LaSalle county their petition for a writ of *certiorari*, for the purpose of reviewing the records and proceedings in a certain suit in which Mary Fell was plaintiff and appellant was defendant, which suit was commenced before a

justice of the peace of LaSalle county on the 21st August, 1854, and judgment rendered against the defendant on the 28th August, 1854, for $64.16 debt, and $1.37½ costs. The cause of action as stated in the transcript, was " trespass on personal property."

The petition states, in substance, that the " Chicago and Rock Island Railroad Company " was duly organized under an act of 27th February, 1847, and an act of February 7th, 1851. That they, during the year 1854, were constructing and operating their said road.

That a suit was commenced agaist the said company as before stated. That summons was returned served as follows :

" Executed the within summons by leaving a true copy of the same with Rollin G. Parks, an agent of said company, this 22nd day of August, A. D. 1854, the president of said company not residing in my county."

That the plaintiff's claim was for a cow killed by the cars of said company, regularly running on said road, for the value of which, and also the value of the milk of said cow, from the time she was killed until the commencement of the suit.

That the defendants did not appear before the justice, and the plaintiff recovered a judgment as before stated.

That the summons was served on one Parks, who was freight agent at LaSalle, and who had nothing to do with the law business of the company.

That as soon as the summons was served, he enclosed a copy to John E. Henry, superintendent of the road, which was not received ; so that the agent of the company whose business it was to attend to the law business of the company, nor the company, had any notice of the suit or judgment until more than twenty days after it was rendered.

That the justice had no jurisdiction of the subject matter of the suit.

That such action of trespass for killing a cow, and for the milk of such cow, could not be maintained against the said company.

That appellant had no opportunity to take an appeal in the ordinary way, and could not successfully prosecute a *certiorari* under the statute, and concludes with a prayer for a common law writ of *certiorari.*

The petition is verified by affidavit.

A bond in due form of law, conditioned for the due prosecution of the suit, was filed.

The writ was issued on the 27th December, 1854.

On the 4th June, 1856, the venue in the cause was changed to Peoria county.

At the December term, A. D. 1857, the defendant moved to quash the writ of *certiorari* and dismiss this suit for the following reasons:

1.   No common law writ of *certiorari* lies in such case.

2.   The facts appearing on the face of the petition in said cause do not authorize the issuing of any such writ.

3.   The transcript and papers on file show that the justice decided correctly in said cause.

4.   By return of said justice it does not appear that said justice has committed any error in law.

5.   The justice had jurisdiction, and did not proceed illegally, so that no such writ lies.

The court sustained the said motion, and ordered a *procedendo* to the justice, and the appellant excepted.

The errors assigned are:

1.   The court erred in sustaining the motion to dismiss the writ of *certiorari*.

2.   The court erred in not reversing the judgment of the justice of the peace, and in not rendering judgment for the appellant.

3.   The judgment of the justice ought to have been reversed, because the suit was for trespass to personal property, and the judgment was in debt.

N. H. PURPLE, for Appellant.

MANNING & MERRIMAN, for Appellee.

WALKER, J.   The return of the justice of the peace to the writ of *certiorari*, in the court below, shows that a suit was instituted by appellee against appellant, for a trespass to personal property.   It also appears from the return, that a summons was issued and returned: "Executed the within summons by leaving a true copy of the same with Rollin G. Parks, agent of said company, this 22nd day of August, 1854, the president of said company not residing in my county."   And that on the return day evidence was heard and judgment was rendered against the company for $64.16 debt, and costs of suit.

The common law writ of *certiorari* was used for the purpose of bringing the record of an inferior court or jurisdiction after judgment, before a superior court, to ascertain whether the inferior tribunal had acted without jurisdiction, or having jurisdiction, had proceeded illegally and contrary to the course of the common law.   1 Tidd's Prac. 330.   And if upon the return of the record, it appeared that the inferior tribunal had jurisdiction and no substantial irregularity was apparent on the face

of the record, the writ was quashed and a *procedendo* was awarded; but if on the contrary, it was apparent from the record, that the inferior court had acted without jurisdiction, or had exceeded its jurisdiction, or had acted contrary to law in any material matter, the practice was to quash the judgment and proceeding of the inferior court. In the case under consideration the summons was regular on its face, for an amount clearly within the justice's jurisdiction, and directed to the proper officer, returnable at a proper time, and formally accurate.

But it is urged, that the justice had no jurisdiction of the subject matter of the suit. The statute regulating the powers and duties of justices of the peace, confers jurisdiction by express terms in cases of trespass to personal property, when the amount claimed does not exceed one hundred dollars. It is the well established doctrine, that an individual may commit a trespass by his command, through an agent or servant. And an incorporated company, may in the same manner, become liable for a trespass either to the person or property of a person. While trespass would not lie against a railroad company, for the negligence of its servants in exercising their legal rights, it is unquestionably true, that if the servant committed an injury upon the person or property of another, under the direction of the company, trespass might be maintained against the company for the injury. In such a case, the well recognized rules which apply to private individuals, are applicable to incorporations. And in this case, it was a question of evidence, whether the company was liable in this form of action, and as it is no part of the office of the writ of *certiorari* to return the evidence upon which the justice rendered the judgment, it was not competent for the court below, nor can this court, say that the injury complained of was not done under the express directions of the appellants. It was only necessary that the court should see, that the law conferred jurisdiction upon the justice to take cognizance of the offense specified, and when it appears the court could have had jurisdiction, the presumption is that the evidence made out a proper cause for its exercise. If judgments of justices of the peace may be reviewed by this proceeding, and such presumptions should not be indulged in their favor, as the evidence is never preserved, upon which judgments are rendered, they would all be liable to be quashed, and endless confusion would result from such a practice.

It was also objected that the service of the summons, was not sufficient to give the justice jurisdiction of the appellant. This objection is not well taken. The legislature by act of February 8th, 1853, (Session Laws, p. 258,) provides, that when any suit shall be brought against any incorporated company, process shall

be served upon the president of such company, if he reside in the county in which suit shall be brought, and if he shall be absent from the county, or shall not reside in the county, then the summons shall be served by the proper officer, by leaving a copy thereof with the clerk, cashier, secretary, engineer, conductor or any agent of such company, found in the county, at least five days before the trial, if before a justice of the peace, and at least ten days, where the suit is brought in the Circuit Court. The language of this act is broad and comprehensive, and certainly embraces all agents of the company. There is no limitation restricting the service to the agent, whose duty requires him to attend to the law business of the company. The service upon any of its agents, is sufficient, and if such agent fails to notify the company of the service, it is a neglect of duty on the part of the agent, for which the plaintiff should in nowise be held responsible. It is a misfortune, occasioned by the neglect of their own employee, for which they must be accountable.

The other assignment of errors are not deemed to be well taken, and upon the whole record, no error is perceived for which the judgment of the court below, in quashing the writ of *certiorari* and awarding a *procedendo*, should be reversed, and the judgment is therefore affirmed.

*Judgment affirmed.*