Mabel Bernero, Appellee, v. The Retirement Board of the Firemen's Annuity and Benefit Fund of the City of Chicago, Appellant.

Gen. No. 39,805.

Heard in the second division of this court for the first district at the October term, 1937. Opinion filed October 18, 1938.

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellant.

JOSEPH W. COX, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

John D. Bernero was a member of the fire department of the city of Chicago from March 1, 1907, to April 24, 1928, on which latter date he retired on a pension. He was married to Mabel Bernero (the petitioner in this proceeding, who will hereafter be referred to as plaintiff) on May 15, 1912, and procured a divorce from her on June 30, 1927, on substituted service. He subsequently married one Ada Steiner Foss, who died in December, 1932. Bernero died in

May, 1933. On February 7, 1934, plaintiff procured a decree setting aside the decree of divorce theretofore granted to John D. Bernero. Plaintiff's decree was entered pursuant to a bill in the nature of a bill of review filed by her on July 25, 1933, in which she alleged *inter alia* that Bernero in his affidavit for service by publication in his divorce proceeding fraudulently stated her last known place of residence incorrectly.

February 8, 1934, the day after her husband's divorce decree was vacated, plaintiff filed with respondent, The Retirement Board of the Firemen's Annuity and Benefit Fund of the City of Chicago (hereinafter for convenience sometimes referred to as the board) an application for a pension as the widow of John D. Bernero. On March 1, 1934, the respondent board filed a motion for leave to intervene in the Bernero divorce proceeding and to have set aside the order entered therein on February 7, 1934, which vacated the decree of divorce theretofore granted to Bernero. An order was entered by the trial court in that cause on June 29, 1934, denying respondent's motion to intervene, which order was affirmed by this court on June 26, 1935, and the judgment of this court was affirmed by the Supreme Court on April 24, 1936. On August 3, 1936, plaintiff's attorney addressed a letter to the respondent requesting action on her application theretofore filed on February 8, 1934, for a pension as the widow of John D. Bernero and hearings were had in the matter on September 23, October 20, November 18, and December 22, 1936. On the latter date the application of plaintiff for a widow's annuity was denied by the respondent board.

March 9, 1937, a petition for certiorari was filed by plaintiff in the circuit court of Cook county seeking a review by that court of the action of respondent in denying her application for pension. A writ of certiorari was ordered to issue and on April 5, 1937, re-

spondent's return was filed. May 17, 1937, judgment was entered by the trial court quashing the board's return and ordering and directing respondent to pay a pension to plaintiff in accordance with and pursuant to her application therefor. It is to review this judgment that this appeal is prosecuted.

The respondent board contends that "the order entered by the *nisi prius* court in this case was contrary to law because at the time plaintiff's application for annuity came before the defendant board for its consideration, the act creating the firemen's annuity and benefit fund and governing the administration of that fund provided as follows: (Ill. Rev. Stat. 1937, ch. 24, sec. 944.38 [Jones Ill. Stats. Ann. 100.323].)

"The following described wives or widows of firemen shall not have any right to annuity from the annuity and benefit fund herein provided for:

". . .

"(e)  The divorced wife or widow of any fireman who has a decree of divorce from her fireman husband annulled, vacated or set aside by any proceedings in court subsequent to the death of such fireman, unless such court proceedings are filed within five (5) years after the date of the divorce and within one year after the death of such fireman and unless the retirement board of this fund is made a party to said proceedings."

Plaintiff's theory is that "she has done everything required of her to entitle her to a pension as a fireman's widow"; that "her right to receive a pension was not affected by the amendment of 1935 to the statute governing pensions to firemen and their widows"; and that "the amendment of 1935 to the statute in question not being retroactive, and defendant's return under the writ of certiorari not disclosing any reason to the contrary, plaintiff should be allowed her pension."

The real question presented is whether under the undisputed facts disclosed by its return to the writ of certiorari, the respondent board denied plaintiff's application for pension because of its mistaken view of the law. Can it be seriously urged that plaintiff's right to a pension must be determined in accordance with the provisions of the above quoted amendment, which did not become effective until July 1, 1935? It is true that the board failed to act on plaintiff's application until December, 1936, when it denied same, but it is also true that plaintiff's right to the pension accrued when it was established by decree of court on February 7, 1934, that she was the lawful widow of Bernero. Her status having been so fixed and her application for a pension having been filed the very next day, February 8, 1934, it was incumbent upon respondent to determine her right to a pension as of the date of the accrual of such right. It is preposterous to argue that respondent could delay considering plaintiff's application for pension, as it did for more than two and a half years, and then interpose as a reason for not granting same an amendment to the pension act which was not enacted until nearly a year and a half after her right to the pension had accrued and she had filed an application therefor.

There is no question in this case of the power or the right of the legislature to pass the aforesaid amendment nor is there any question that, if the subject matter of the amendment had been incorporated in the pension act, under which plaintiff makes her claim, prior to the time her right to the pension accrued, she would not be entitled to a pension. Regardless, however, of the suspicions that may have been or are now entertained by the members of the respondent board as to plaintiff's right to have the court vacate the decree of divorce procured from her by her husband almost six years prior to his death and regardless of

respondent's challenge of plaintiff's right to a pension on moral grounds, the fact remains that the decree of court of February 7, 1934, vacating the decree of divorce theretofore granted to her husband, fixed her status as his lawful widow.

Therefore her status as the widow of Bernero having been legally established on February 7, 1934, and her application for a pension as his widow having been filed February 8, 1934, plaintiff was clearly entitled to have such application granted unless it must be held that the legislature intended that the amendment of July 1, 1935, heretofore set forth, to the firemen's pension act should have a retroactive effect.

Sec. 4, par. 4, ch. 131, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 27.16], provides in part as follows:

"No new laws shall be construed to repeal a former law whether such former law is expressly repealed or not as to . . . any right accrued, or claim arising under the former law, or in any way whatever to affect any such . . . right accrued or claim arising before the new law takes effect, save only that the proceedings, thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding."

In discussing the matter of the construction of statutes dealing with substantive rights in *White Sewing Machine Co. v. Harris*, 252 Ill. 361, the court said at p. 367:

"The general rule to be applied in the construction of statutes is, that they should be given a prospective rather than a retrospective or retroactive operation unless there is language found in the statute which is so clear that it will admit of no other than the retroactive construction. (*People v. Lower*, 236 Ill. 608, and cases cited; 2 Lewis' Sutherland on Stat. Const. — 2d Ed. —, sec. 642.)"

*Miner v. Stafford*, 326 Ill. 204, is a case clearly in point on the question of the inapplicability of the

amendment of 1935 to the uncontroverted facts in the instant case. There one Edward Miner, a policeman and the husband of the petitioner, Phoebe Miner, had been killed in 1922 in the line of duty and she thereby became entitled to and was allowed and paid a pension of $50 a month. In 1923 the pension act under consideration in that cause was amended by increasing the maximum amount of pension allowable under said act to $1,250 a year instead of $600, as theretofore provided (Laws 1923, p. 253, sec. 6, Smith-Hurd Stats., ch. 24, sec. 897, note [Jones Ill. Stats. Ann. 100.262]). The petitioner then claimed a pension of $60 a month instead of $50, which she was entitled to receive under the old law, because her husband at the time of his death was receiving $120 a month salary. In that case the court said at p. 207: "The only question in the case is the application of the amendment of 1923 to pensions for loss of life while in the performance of duty before that date. The language of the amendment of 1923 does not indicate any intention on the part of the legislature that it should have any retrospective effect. It refers not to cases where any member of the police force has lost his life while in the performance of his duty leaving a widow who was dependent upon him, but to cases where a member of the police force shall lose his life leaving a widow who is dependent on him. The language refers to the future and not to the past. The amendment indicates no intention to increase pensions, the right to which has already accrued before the passage of the law.

"It is a well settled rule of statutory construction that a statute will not be given a retrospective effect unless the intention of the legislature to give it such effect is clearly shown. (*People v. Chicago and Alton Railway Co.,* 289 Ill. 282; *People v. Deutsche Gemeinde,* 249 id. 132.)"

Respondent cites and relies upon *McCann v. Retirement Board,* 331 Ill. 193, and *Beutel v. Foreman,* 288

Ill. 106, as authority for its position that, inasmuch as the respondent board conformed its decision in denying plaintiff's application for a pension to the law as it existed when the decision of said board was made, it performed its legal duty, inasmuch as plaintiff did not institute the proceeding to vacate the decree of divorce theretofore procured by her husband within five years of the date of its procurement, as provided by the amendment of 1935. These cases are readily distinguishable from the case at bar since they both hold merely that the amendments to the pension acts considered therein, fairly construed and read in connection with the other sections of said acts, were clearly intended by the legislature to be retroactive.

The mere reading of the amendment of 1935 and a fair construction of the language employed therein, leads inevitably to the conclusion that the legislature intended such amendment to operate prospectively rather than retroactively.

It clearly appearing from the return of the respondent board that said board denied plaintiff's application for pension under an erroneous and mistaken view of the law, the trial court properly quashed such return.

As heretofore shown, the trial court in addition to quashing the board's return "ordered and directed" the respondent "to pay a pension to Mabel Bernero, the petitioner herein, in accordance with and pursuant to her application therefor." Respondent contends that "this judgment order is erroneous and void because the *nisi prius* court has no power to enter any order in a certiorari proceeding excepting an order to quash the writ or quash the return," and that "when the court proceeds further than this and not only quashes the return but enters an order requiring certain specific action on the part of the respondent in certiorari, the court exceeds its power and jurisdic-

tion under the common law writ of certiorari and its order becomes an extra-judicial and void order.''

In passing upon a similar contention in *People ex rel. Maloney v. Lindblom,* 182 Ill. 241, the court said at p. 244: ''The only office of the writ of *certiorari* is to bring before the court the record of the proceedings of the inferior tribunal for inspection, and the only judgment to be rendered is that the writ be quashed or that the record of the proceedings be quashed. *Chicago and Rock Island Railroad Co. v. Fell,* 22 Ill. 333.'' (To the same effect are *Cass v. Duncan,* 260 Ill. 228 and *Hopkins v. Ames,* 344 Ill. 527.)

The case of *People ex rel. Byrnes v. Retirement Board,* 272 Ill. App. 59, which was decided by this court and in which certiorari was denied by the Supreme Court, is cited as supporting plaintiff's view that the trial court, in addition to quashing respondent's return, properly included in its order the direction to the respondent board to grant plaintiff's application for pension. It is true that in the *Byrnes* case, which was also a proceeding by common law writ of certiorari against the board administering the firemen's pension fund, the trial court besides quashing the return in that case ordered such board to allow the pension applied for. However, in that case the propriety of such order was not questioned on review.

Since the law is as set forth in the *Lindblom* case, *supra,* that the only judgment that can be rendered in a certiorari proceeding ''is that the writ be quashed or that the record of the proceedings be quashed,'' we are impelled to hold that the trial court was without jurisdiction to include in its judgment order a mandate that the respondent board grant plaintiff's application for a pension. Since the record of the proceedings, wherein and whereby the board denied plaintiff's application, has been quashed, she is now in a

position to again present her application, and, in our opinion, a pension should be allowed her unless other and different facts are disclosed than those contained in the record now before us.

For the reasons indicated herein that portion of the judgment of the circuit court quashing the return of the respondent board is affirmed and the portion of the judgment directing the respondent board of the Firemen's Annuity and Benefit Fund of the City of Chicago to grant plaintiff's application for a pension is reversed with directions to the trial court to modify its order by omitting therefrom the mandate to the respondent board.

*Affirmed in part; reversed in part and remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.