People of State of Illinois ex rel. Eugene A. Barry, Appellee, v. Walter L. Gregory et al., Civil Service Commissioners of City of Chicago, Appellants.

Gen. No. 43,324.

Opinion filed December 16, 1944. Released for publication December 18, 1944.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

ISADORE GOLDSTEIN, of Chicago, for appellee.

PER CURIAM.

A complaint for certiorari was filed in the superior court of Cook county, resulting in a judgment (entered October 30, 1944) "that the record of the proceedings of the defendants Walter L. Gregory, James B. Cashin and William F. Clarke as Civil Service Commissioners of the City of Chicago in the matter of the charges filed against and the removal of the plaintiff, Eugene A. Barry, as Captain of Police in the classified service of Department of Police of the City of Chicago as set forth in the return of the defendants to the Writ of Certiorari heretofore issued in said cause be and the same is hereby quashed and for naught esteemed." On November 16, 1944 defendants filed their notice of appeal to this court and asked that the judgment order be reversed. On November 20, 1944 defendants moved in the trial court that the notice of appeal be ordered to operate as a supersedeas without the filing of a bond by defendants. On November 22, 1944 the court under

authority of section 82 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 206; Jones Ill. Stats. Ann. 104.082] excused the filing of a bond by the defendants, but denied their application for supersedeas. Defendants filed the record, abstracts and briefs in this court and moved that the appeal operate as a supersedeas, "staying the force and effect of the judgment order of the Superior Court." Defendants filed suggestions in support of their motion and relator presented counter suggestions. Relator maintains, under the authority of *People ex rel. McDonnell v. Thompson,* 316 Ill. 11, that judgments in certiorari proceedings are self-executing, require no process to enforce them and are, therefore, not stayed by an appeal, supersedeas bond or writ of error.

Paragraph 1 of sec. 74 of the Civil Practice Act (par. 198, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.074]) provides:

"Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error."

Section 82 of the Act (par. 206, ch. 110 [Jones Ill. Stats. Ann. 104.082]) provides that an appeal shall operate as a supersedeas only if and when the appellants, after notice duly served, shall give and file a bond in a reasonable amount to secure the adverse party. This section provides that if notice of appeal is served within 20 days after the entry of the judgment, and if bond is given and filed and approved within 30 days after such entry, or within such further extended time as the trial court may allow within

such 30 days or any extension thereof (no extension or aggregate of extensions to exceed 45 days, except by stipulation of the parties), the notice of appeal shall, upon approval of the bond, operate as a supersedeas; that after the expiration of such 30 days or proper extension thereof, no appeal shall operate as a supersedeas except upon express order of the reviewing court; and that where an appeal is prosecuted by a public, municipal, governmental or quasi-municipal corporation, or by any public officer in his official capacity for the benefit of the public, the trial or reviewing court or any judge thereof, may, without requiring any bond to be given, order that the appeal shall operate as a supersedeas.

The Civil Practice Act became effective January 1, 1934. The opinion in the *Thompson* case was filed on February 17, 1925, when the 1907 Practice Act was in effect. Review by the Appellate and Supreme Courts remains fundamentally the same as under the Act of 1907, as amended, except that the two methods of review heretofore provided (by appeal and writ of error) have been consolidated and certain technical defects in the practice have been eliminated in the abolition of the old appeal and writ of error and in the consolidation of the two methods. Under the new notice of appeal procedure an effort is made to preserve the merits of both the prior methods. The general rule is that a self-executing judgment is not affected by a supersedeas or stay of proceedings pending the appeal. Am. Jur., vol. 3, sec. 540. It is obvious that an executed portion of a judgment cannot be stayed by supersedeas. In the instant case the City could not appeal until the judgment quashing the return was entered. This judgment was self-executing and the return was quashed at the time the judgment was entered. Hence, when the notice of appeal was filed and, of course, when the motion for supersedeas was made, the judgment was executed. A judgment which is self-executing is not

within the statute governing the granting of a supersedeas, as there is nothing upon which the supersedeas can operate. The trial judge in his opinion, evidently addressing the attorneys for relator, stated: "This return is quashed. Draft an order restoring this man to his job and he is entitled to it with back pay from the time he was released." However, the order entered was in accordance with the usual practice in certiorari cases. It quashed the return, but did not embrace the direction of the trial judge that relator be restored to his position with back pay from the time he was discharged.

Defendants state: "Properly construed, the *Thompson* case simply means that the appeal does not automatically act as a supersedeas, nor does a supersedeas bond act as a supersedeas, but there is nothing contained in the decision which would preclude a specific order of an appellate tribunal in aid of its appellate powers from staying the force and effect of a judgment of a trial court during the pendency of the appeal." In their oral argument on this motion, the attorneys for defendants also stated that the *Thompson* case was decided under the Practice Act of 1907, as amended, and that under the provisions of the Civil Practice Act the Appellate Court has the right to grant a supersedeas. From the opinion in the *Thompson* case it appears that John C. McDonnell was discharged by the Civil Service Commissioners of Chicago on September 23, 1922 from the office of second assistant fire marshal. On December 18, 1922 in certiorari proceedings in the circuit court the record of the Civil Service Commission was quashed. On January 4, 1923 McDonnell served a notice upon the mayor, city treasurer, comptroller and fire marshal, notifying them of the judgment in the certiorari case and demanding that he be restored to his position and that he be paid the salary appropriated for his office from the date of the judgment of the circuit court. Defendants did not

comply. They appealed from the judgment in the certiorari case. McDonnell was given leave to file an original petition for mandamus in the Supreme Court for a writ commanding the defendants to recognize him as second assistant fire marshal, to place him upon the payroll and to pay him the monies appropriated for the salary of his office. Defendants answered. One of the defenses was that the appeal to the Appellate Court of the certiorari judgment operated as a supersedeas. A demurrer to defendants' answer was sustained and the Supreme Court awarded the writ of mandamus as prayed. While the case was pending in the Supreme Court the parties filed a stipulation to the effect that the relator had been restored and assigned to duty as second assistant fire marshal. The court retained the case only for the purpose of determining the extent of relator's right to compensation for the period which he was deprived of and excluded from his position. The Supreme Court said (p. 15):

"As the right of the relator to his salary depends upon the sufficiency of the allegations in the petition, and as to whether or not the demurrer to the defendants' answer should be sustained or overruled, we consider it necessary to pass upon these questions."

The Supreme Court said further (p. 15):

"The claim that the appeal from the judgment in the *certiorari* proceedings operated as a *supersedeas* cannot be sustained. The judgment of the circuit court in the *certiorari* proceedings is self-executing and requires no process of any kind to enforce it. The law is, in the absence of a special statute to the contrary, that an appeal or *supersedeas* bond or writ of error will not operate to suspend such a judgment. (20 Ency. of Pl. & Pr. 1244; *People v. Reinberg,* 263 Ill. 536; *Barnes v. Typographical Union,* 232 id. 402.)"

Under the practice at the time the *Thompson* case was decided, a judgment could be reviewed by appeal

or writ of error. Before the enactment of the Civil Practice Act, bond was required to be given in case of appeal, except where excused when prosecuted by a governmental body or public official in his official capacity. A writ of error could be procured without bond, but operated as a supersedeas only if a bond were given and the writ of error ordered to be a supersedeas by the court of review, or some judge thereof in vacation. With the replacement of writ of error and of appeal by notice of appeal under the present act, bond is necessary only if a supersedeas is desired. Under the former practice, an appeal allowed by the trial court was, in contemplation of law, pending in the appellate tribunal the moment the appeal bond was executed and filed with the clerk of the court, as provided in the order of the appeal. *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526, 532. Under the old practice the appeal stayed the proceedings to the same extent as a supersedeas in a case brought up by writ of error. We are of the opinion that the provisions of the Civil Practice Act have not changed the operation of the principle announced in the *Thompson* case. In that case the Supreme Court stated that a judgment in a certiorari proceeding is self-executing and requires no process of any kind to enforce it. That opinion also states that in the absence of a special statute to the contrary, an appeal or supersedeas bond or writ of error will not operate to suspend such a judgment. At that time an appeal operated as a supersedeas, removing the case to the Appellate Court. To perfect the appeal it was necessary to have a bond approved and filed, or to have the giving of a bond excused. In the *Thompson* case there was an appeal to the Appellate Court from the judgment in the certiorari case. Therefore, the Supreme Court had before it the proposition presented by the motion in the instant case—whether the perfecting of the appeal, which in the ordinary case stayed the enforce-

ment of the judgment, had any efficacy as to a judgment in certiorari. The Practice Act of 1907 was not a special statute, nor is the Civil Practice Act a special statute. There is no special statute governing the practice in petitions for common-law writs of certiorari. As the Practice Act of 1907 governed when the *Thompson* case was decided, so the Civil Practice Act applies today. At the time the *Thompson* opinion was filed there was no special statute that a supersedeas bond or an appeal (when the bond was approved), would operate to suspend the judgment in a certiorari case, and there is no special statute today that it would so operate. In *People v. Reinberg,* 263 Ill. 536, where the respondents failed to abide by a judgment in a *quo warranto* case and the plaintiff was given leave to file an original petition for mandamus in the Supreme Court, the court, in awarding the writ of mandamus, said (p. 543):

"It is further contended that to grant the writ in this case would prejudicially affect the rights of the parties in the *quo warranto* proceeding pending on appeal in the Appellate Court for the First District. The judgment of the superior court is self-executing and requires no process to enforce it. An appeal bond or supersedeas bond will not operate to suspend such a judgment."

In the *Reinberg* case the defendants perfected an appeal to the Appellate Court from a judgment in the *quo warranto* case. Under the practice prevailing at that time, the perfecting of an appeal removed the *quo warranto* case to the Appellate Court. Nevertheless, the Supreme Court said that even where the appeal is perfected and an appeal or supersedeas bond given, the operation of the judgment was not suspended.

In the instant case the judgment entered was self-executing and no supersedeas may be granted. Even

should a supersedeas be granted, it would be ineffective. The judgment remains in effect unless and until it is reversed. A supersedeas operates against the enforcement of a judgment and not against the judgment itself. The final judgment of the Appellate Court operates on the judgment of the trial court, affirming, reversing or modifying, as the case may be. It will be observed that defendants urge that there is nothing in the opinion in the *Thompson* case "which would preclude a specific order of an appellate tribunal in aid of its appellate powers from staying the force and effect of a judgment of a trial court during the pendency of the appeal." The defendants, in this statement, recognize that a supersedeas does not stay the judgment, but the "force and effect" of the judgment. Defendants could not appeal without the judgment. There is nothing to stay. Defendants, in the judgment, are not required to do anything, as the only order entered by the trial court was that the return be quashed.

For the reasons stated, the motion of the defendants that the appeal operate as a supersedeas is denied.

*Motion denied.*