NOTICE

Decision filed 05/19/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0179

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| LAMONTE LAKE, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Clinton County. |
| | ) |
| v. | ) No. 08-MR-15 |
| | ) |
| THE STATE OF ILLINOIS, | ) Honorable |
| | ) Dennis E. Middendorff, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The plaintiff, an inmate at Centralia Correctional Center, appeals from the March 20, 2008, order of the circuit court of Clinton County dismissing his petition for common-law *certiorari* relief from a Court of Claims order dismissing his medical malpractice claim against the State and the Illinois Department of Corrections (Department). The plaintiff seeks the reversal of the circuit court's dismissal of his petition. For the following reasons, we reverse the judgment of the circuit court and remand with directions.

BACKGROUND

On March 18, 2008, the plaintiff filed *pro se* in the circuit court of Clinton County a petition for common-law *certiorari* relief, seeking review of the Court of Claims' dismissal of his medical malpractice claim against the State and the Department. The petition was titled "common-law petition" and requested that the circuit court "order a summons to issue in due form, directed to the Court of Claims to certify and bring the record of the proceedings of the Court of Claims before this court, and that [the Court of Claims'] order may be reversed and set aside."

1

The plaintiff's petition alleged that by dismissing his claim for his failure to attach a physician's affidavit of merit and written report, as required by section 2–622 of the Code of Civil Procedure (735 ILCS 5/2–622 (West 2004)), also known as the Healing Arts Malpractice Act, the Court of Claims "failed to protect [his] rights to a trial on the merits of his case" and thereby violated his right to due process. The circuit court did not hold a hearing on the petition and did not review the record of the underlying proceedings in the Court of Claims. On March 20, 2008, the circuit court dismissed *sua sponte* the plaintiff's petition, finding that it did not have jurisdiction over the petition and that "the relief sought can only be granted by an Appellate Court."

The plaintiff timely filed a notice of appeal on April 8, 2008. The plaintiff filed his appellant's brief on September 16, 2008, but the brief was defective, and on August 21, 2009, he was granted 21 days to show cause why it should not be stricken for its failure to comply with Supreme Court Rule 341 (210 Ill. 2d R. 341). On September 9 and December 7 the plaintiff filed motions for extensions of time in which to file an amended brief, both of which were granted.

The plaintiff filed his amended brief on January 19, 2010, to which he attached, *inter alia*, a purported copy of the Court of Claims order that disposed of his claim. This order was neither admitted into evidence nor considered by the circuit court, and there is nothing properly within the record on appeal that confirms the plaintiff's recounting of the proceedings in the Court of Claims. The State has not filed an answer brief, contending that it is not properly a party to the appeal because the circuit court dismissed the plaintiff's petition prior to service being made on any State entity.

STANDARD OF REVIEW

Whether the circuit court properly exercised subject-matter jurisdiction is a question of law that we review *de novo*. *In re John C.M.*, 382 Ill. App. 3d 553, 904 N.E.2d 50 (2008).

2

DISCUSSION

Initially, we note that because the record of the underlying proceedings in the Court of Claims is *dehors* the record on appeal, we cannot consider its contents in making our decision. Reviewing courts must determine the issues before them on appeal solely on the basis of the record made in the trial court. *People v. Heaton*, 266 Ill. App. 3d 469, 640 N.E.2d 630 (1994). "[E]vidence which is not part of the record on appeal is not to be considered by a reviewing court [citation], and attachments to briefs on appeal, not otherwise before the reviewing court, cannot be used to supplement the record." *Heaton*, 266 Ill. App. 3d at 476, 640 N.E.2d at 635.

The Court of Claims Act (Act) (705 ILCS 505/1 *et seq.* (West 2006)) created an exception to the doctrine of sovereign immunity by allowing parties to bring monetary claims against the State in the Court of Claims. It is the legislature's responsibility to establish the conditions upon which suits against the State may be brought, and the General Assembly has determined that the Court of Claims has exclusive subject-matter jurisdiction over monetary claims against the State. *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 893, 632 N.E.2d 307, 310 (1994).

The Act does not provide for any method for the review of decisions of the Court of Claims, and because the Court of Claims is not a "court" within the meaning of article VI of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI), its decisions are generally not subject to judicial review. *Klopfer v. Court of Claims*, 286 Ill. App. 3d 499, 502, 676 N.E.2d 679, 682 (1997). A narrow exception to this rule exists, though, in circumstances where a party alleges that the Court of Claims acted in a manner which deprived him of his constitutional right to due process. *Reichert v. Court of Claims*, 203 Ill. 2d 257, 261, 786 N.E.2d 174, 177 (2003).

The common-law writ of *certiorari* provides a means whereby a party who has no

3

avenue of appeal or direct review may obtain limited review over actions by a court or other tribunal exercising quasi-judicial functions, unless the statute under which the body proceeded specifically denies review. *Reichert*, 203 Ill. 2d at 260, 786 N.E.2d at 177. The Illinois Supreme Court, in *Rossetti Contracting Co. v. Court of Claims*, 109 Ill. 2d 72, 79, 485 N.E.2d 332, 334-35 (1985), determined that because the Act neither expressly denies nor expressly provides for the review of actions of the Court of Claims, a petition for a writ of *certiorari* can be filed in the circuit court by a party alleging a violation of his due process rights. The scope of review for a petition for *certiorari* relief from a decision of the Court of Claims is quite narrow. The circuit court has subject-matter jurisdiction to determine whether the petitioner was afforded his due process rights, but it may not review the correctness of a decision based upon the merits of the case before the Court of Claims. *Reichert*, 203 Ill. 2d at 260-61, 786 N.E.2d at 177.

The Illinois Supreme Court has further held that a party's due process rights are satisfied by the proceedings in the Court of Claims when an orderly proceeding is held and the party is provided with notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177. Due process is not abridged where the Court of Claims merely misconstrues the law or otherwise commits an error for which its judgment should be reversed. *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177.

The purpose of a writ of *certiorari* is to have the entire record of the inferior tribunal brought before the circuit court to determine, from that record alone, if the former proceeded according to the applicable law. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 427, 551 N.E.2d 640, 645 (1990). There is no absolute right to review by *certiorari*, and the issuance of a writ of *certiorari* is within the sound discretion of the circuit court. *Stratton*, 133 Ill. 2d at 428, 551 N.E.2d at 646. A petition for *certiorari* relief is properly

4

denied if the court finds that the plaintiff cannot prevail or that he is not entitled to the review he seeks. *Tanner v. Court of Claims*, 256 Ill. App. 3d 1089, 629 N.E.2d 696 (1994).

In issuing a common-law writ of *certiorari*, the circuit court is commanding the inferior tribunal to certify and return the record of the proceedings at issue to the circuit court. *Comrs. of Mason & Tazewell Special Drainage District v. Griffin*, 134 Ill. 330, 25 N.E. 995 (1890). After issuing the writ, the circuit court has two options upon the return of the record of the proceedings. If the circuit court finds from an examination of the record that the proceedings in the inferior tribunal satisfied the petitioner's due process rights, the petition for a writ of *certiorari* is dismissed and the writ is quashed. *Tanner*, 256 Ill. App. 3d at 1091, 629 N.E.2d at 698. If, on the other hand, the court finds that the proceedings violated the petitioner's due process rights, the judgment and proceedings shown by the record of the inferior tribunal are quashed. *Stratton*, 133 Ill. 2d at 427, 551 N.E.2d at 645.

Regardless of whether the circuit court quashes the writ and dismisses the petition or quashes the underlying judgment and proceedings, it does not have jurisdiction to reweigh the evidence heard by the Court of Claims or to order the Court of Claims to grant any specific relief to the plaintiff. *Bernero v. Retirement Board of the Firemen's Annuity & Benefit Fund of the City of Chicago*, 297 Ill. App. 28, 36-37, 17 N.E.2d 75, 79 (1938). If the circuit court quashes the writ of *certiorari*, it does not render a new judgment but rather issues a writ of *procedendo*, which serves as a notification to the inferior tribunal that the writ of *certiorari* has been quashed and that the status quo will be preserved. *Chicago & Rock Island R.R. Co. v. Fell*, 22 Ill. 333 (1859); *Wolfinbarger v. County Court of Williamson County*, 323 Ill. App. 436, 55 N.E.2d 880 (1944) (abstract of op.).

If the circuit court instead quashes the proceedings and judgment of the Court of Claims, its quashal order is self-executing and "requires no process of any kind to enforce it." *People ex rel. Barry v. Gregory*, 324 Ill. App. 614, 620, 59 N.E.2d 106, 108 (1944). If

5

the judgment and proceedings of the Court of Claims are quashed, the plaintiff is free to refile his claim. See, *e.g.*, *Bernero*, 297 Ill. App. at 36-37, 17 N.E.2d at 79 (stating that if on remand the circuit court quashed the underlying proceedings of the Retirement Board of the Firemen's Annuity and Benefit Fund of the City of Chicago, the plaintiff would be "in a position to again present her application" for benefits).

The Illinois Appellate Court, Fourth District, in *Tanner*, reversed the circuit court's dismissal of a petition for *certiorari* relief because the circuit court had not examined the record of proceedings from the Court of Claims prior to dismissing the plaintiff's petition. *Tanner*, 256 Ill. App. 3d at 1092-93, 629 N.E.2d at 699. The *Tanner* court stated, "[T]he record from the inferior tribunal must normally be made a part of the trial court record for the court to review." *Tanner*, 256 Ill. App. 3d at 1092, 629 N.E.2d at 699. The court acknowledged that the decision to issue a writ of *certiorari* is within the discretion of the circuit court and that "there may be instances when the writ is properly denied if, as a matter of law, the court is able to determine plaintiff cannot prevail or he is not entitled to the review he seeks." *Tanner*, 256 Ill. App. 3d at 1092, 629 N.E.2d at 699. But the court found that under the facts with which it was confronted, the circuit court improperly dismissed the petition for *certiorari* without first examining the record of proceedings in the Court of Claims. *Tanner*, 256 Ill. App. 3d at 1092-93, 629 N.E.2d at 699.

"Whether plaintiff was subject to a deprivation of due process *** is not susceptible of resolution without an examination of the underlying record before the Court of Claims." *Tanner*, 256 Ill. App. 3d at 1092, 629 N.E.2d at 699. Because the circuit court failed to examine the record of proceedings from the Court of Claims, the *Tanner* court remanded the case, directing the circuit court to issue the writ of *certiorari* and, upon the return of the record of proceedings, determine whether the due process violations alleged by the petitioner were supported by the record. *Tanner*, 256 Ill. App. 3d at 1093, 629 N.E.2d at 699.

In the case at bar, the circuit court *sua sponte* dismissed the plaintiff's petition for *certiorari* without having first examined the record of the underlying proceedings in the Court of Claims, finding that it lacked jurisdiction over the petition. As discussed above, though, subject-matter jurisdiction over petitions for *certiorari* relief from decisions of the Court of Claims does lie with the circuit court. The plaintiff alleged in his petition that the Court of Claims, *inter alia*, "failed to protect [his] rights to a trial on the merits" and thereby violated his due process right to be heard on his claim. An examination of the record of proceedings in the Court of Claims was therefore a condition precedent to the circuit court's dismissal of the petition because the circuit court could not, solely from the face of the petition, determine as a matter of law whether the plaintiff's due process rights were in fact violated. The case therefore must be remanded to the circuit court with directions that it issue the writ and upon the return of the record of proceedings from the Court of Claims determine on the basis of that record whether the plaintiff's due process rights were violated.

CONCLUSION

Because the circuit court did not examine the record of the proceedings prior to dismissing the plaintiff's petition–instead erroneously holding that it lacked subject-matter jurisdiction over the petition–it was impossible for it to determine whether the plaintiff's due process rights were violated by the underlying proceedings in the Court of Claims. The circuit court therefore must make that determination on the basis of the record of proceedings in the Court of Claims.

For the foregoing reasons, the judgment of the circuit court of Clinton County is hereby reversed. The circuit court is directed to issue a writ of *certiorari* to the Court of Claims, commanding it to certify and transmit the entire record of the proceedings involving the plaintiff's claim to the circuit court. The circuit court must then determine solely on the basis of that record whether the plaintiff was afforded his due process rights.

7

If the circuit court finds that the plaintiff's due process rights were satisfied by the proceedings in the Court of Claims, it shall quash the writ of *certiorari* and dismiss the plaintiff's petition. If, however, it finds that the plaintiff's due process rights were violated, it shall grant the writ of *certiorari* and quash the proceedings and judgment of the Court of Claims.

Reversed; cause remanded with directions.

DONOVAN and WEXSTTEN, JJ., concur.

NO. 5-08-0179

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| LAMONTE LAKE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 08-MR-15 |
| | ) | |
| THE STATE OF ILLINOIS, | ) | Honorable |
| | ) | Dennis E. Middendorff, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**:     May 19, 2010

**Justices**:     Honorable Stephen L. Spomer, J., with

Honorable James K. Donovan, J., and
Honorable James M. Wexstten, J.,
Concurring.

**Attorney**     Lamonte Lake, *pro se*, Reg. No. B79261, Centralia Correctional Center,
**for**     P.O. Box 7711, Centralia, IL 62801
**Appellant**

**Attorney**     [The State has not filed an answer brief, contending that it is not properly a party to
**for**     the appeal because the circuit court dismissed the plaintiff's petition prior to service
**Appellee**     being made on any State entity.]