2023 IL App (1st) 230228-U

SIXTH DIVISION
June 16, 2023

No. 1-23-0228

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| GREGORY D. JONES, | ) |
| | ) Appeal from the |
| Plaintiff-Appellant, | ) Circuit Court of |
| | ) Livingston County. |
| v. | ) |
| | ) |
| MARCUS SELLERS, KRISTY NARETTO, TRAVIS BANTISTA, TRAVIS BAYLER, ROB JEFFREYS, and DENVER HEDRICK, | ) No. 20 MR 120 |
| | ) |
| | ) |
| | ) The Honorable |
| Defendants, | ) Jennifer H. Bauknecht, |
| | ) Judge Presiding. |
| (Marcus Sellers, Kristy Naretto, Travis Bantista, Travis Bayler, and Denver Hedrick, Defendants-Appellees). | ) |
| | ) |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Dismissal of plaintiff's complaint for a writ of *certiorari* is affirmed where plaintiff failed to state in his complaint a claim upon which *certiorari* relief could be granted.

¶ 2     Plaintiff Gregory D. Jones, an inmate currently being held at the Pinckneyville Correctional Center, filed a complaint for a writ of *certiorari* based on events that occurred when he was at the Pontiac Correctional Center. Mr. Jones filed the complaint against defendants Marcus Sellers,

Kristy Naretto, Travis Bantista, Travis Bayler, Rob Jeffreys, and Denver Hedrick—all employees or agents of the Illinois Department of Corrections (IDOC). Defendants filed a motion to dismiss under both sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)), arguing that Mr. Jones had failed to state a cause of action in his complaint and that his complaint was barred by *res judicata*. The circuit court dismissed the complaint as barred by *res judicata* under section 2-619. On appeal, Mr. Jones contends that this dismissal was in error. For the following reasons, we affirm.

¶ 3                               I. BACKGROUND

¶ 4                         A. Mr. Jones's Prior Lawsuits

¶ 5     Mr. Jones filed two prior lawsuits. We may take judicial notice of court filings and orders from these lawsuits as "facts that are readily verifiable by referring to sources of indisputable accuracy," which include court records. *People v. Johnson*, 2021 IL 125738, ¶ 54.

¶ 6     On March 15, 2019, Mr. Jones filed a complaint for a writ of *certiorari* in the circuit court of Livingston County against various employees and agents of the IDOC (case No. 19 MR 22). See *Jones v. Jeffreys*, 2021 IL App (4th) 200202-U, ¶ 4 (*Jones I*). In his complaint for *certiorari* in *Jones I*, Mr. Jones alleged that, in addition to the defendants violating his due process rights with respect to disciplinary proceedings—including the filing of a " 'spurious disciplinary report' "—he was also "being retaliated against for speaking with the Illinois State Police investigators about an alleged murder of an inmate at the Pontiac Correctional Center by two correctional officers at the facility." *Id.* ¶ 5.

¶ 7     On April 8, 2022, the circuit court in *Jones I* granted the defendants' section 2-615 motion to dismiss, finding that " 'due process [was] not implicated' " because only Mr. Jones's " 'confinement and not the duration of his sentence' " was implicated by the discipline, and that

Mr. Jones's "claims of retaliation were 'conclusory and not supported by factual allegations.' " *Id.* ¶¶ 6, 9. The Fourth District affirmed the dismissal, finding that Mr. Jones's claims of violation of due process and retaliation were both defective. *Id.* ¶¶ 18-20, 24.

¶ 8        While *Jones I* was still pending, on October 11, 2019, Mr. Jones filed another complaint for writ of *certiorari* in the same court against various employees and agents of the IDOC (case No. 19 MR 121) (*Jones II*). Mr. Jones again alleged that the defendants had violated his due process rights in the course of disciplinary proceedings against him—including the filing of a "spurious ticket"—and that he was being retaliated against for telling the Illinois State Police that IDOC staff killed an inmate. Mr. Jones alleged that the "adverse acts are again, as in case # MR-22, motivated by a campaign to keep me at Pontiac to incur further retaliations for exercising my first amendment right to speak with state police regarding my seeing Pontiac staff kill a protective custody inmate." On August 25, 2020, the circuit court granted a motion to dismiss, finding that the case "seem[ed] to pertain to the same events and the same defendants as 19-MR-22" and could be dismissed on the basis of *res judicata*. Mr. Jones appealed from that ruling, but the Fourth District dismissed the appeal on October 15, 2020, because Mr. Jones failed to timely file the docketing statement. *Jones v. Jefferys*, No. 4-20-0435 (Ill. App. Ct. Oct. 15, 2020).

¶ 9                                      B. The Present Action

¶ 10      On September 28, 2020, Mr. Jones filed the *pro se* complaint now before us, against defendants, again seeking a writ of *certiorari* in the circuit court of Livingston County. Mr. Jeffreys was not properly served, did not appear in the circuit court, and was ultimately dismissed from the case. He is not a party to this appeal.

¶ 11      In his complaint, Mr. Jones stated that he had "incurred a series of spurious disciplinary reports in retaliation" for telling the state police about the "killing of a protective custody inmate"

by two IDOC employees. Mr. Jones specifically alleged the following against each defendant: (1) Sergeant Marcus Sellers filed an unspecified "spurious disciplinary report" against him on January 31, 2020; (2) Lieutenant Travis Bantista, as a member of the "Adjustment Committee," failed to interview clearly identifiable witnesses and "institute[d] prejudice at [the] hearing, stating 'either way you got verbal reprimand—guilty' "; (3) Kristy Naretto, a case worker, allowed Sergeant Sellers "to substantiate his own disciplinary report while stating my allegations of misconduct were unsubstantiated when indeed two witnesses were available and made statements substantiating Seller's [*sic*] misconduct"; (4) Denver Hedrick "did not interview or review witnesses' statements"; (5) Travis Bayler "did extend prevarication in retaliation as Defendant Bayler's relative (Jones v. Bayler 1:17 CV 1344EIL), stating that issue was appropriately addressed *** when it wasn't"; and (6) Rob Jeffreys "concurred [in] the misdeed."

¶ 12     In his brief in support of the complaint, Mr. Jones stated that Sergeant Sellers was a "routine instrument of harassment" who had "confiscated [Mr. Jones's] eye glasses once in an effective effort to hinder [Mr. Jones's] litigation regarding the retaliation for [him] being a documented witness to state police" of the murder of an inmate by IDOC employees. Mr. Jones alleged that Sergeant Sellers had "[t]his time *** interrupted [Mr. Jones's] prayer and Bible study—then told [Mr. Jones] he'd take more than [Mr. Jones's] glasses." He also accused Lieutenant Bantista and Mr. Hedrick of refusing to interview witnesses in violation of section 540.80 of the Administrative Code (20 Ill. Adm. Code 504.80 (2017)) and *Fillmore v. Taylor*, 2017 IL App (4th) 160309. Mr. Jones also alleged that Ms. Naretto "violated State's 504 by allowing [Sergeant] Sellers to substantiate his own false ticket. The subsequent lack of grievance process w[as] in equal violation of state law." Mr. Jones stated that his case was appropriate for review by the circuit court "[b]ecause the agencies of Pontiac exercised discretion in arbitrary and capricious manner and

against manifest weight of evidence." Ultimately, Mr. Jones asked the circuit court to "reverse and expunge [the] spurious ticket."

¶ 13 On March 18, 2023, defendants filed a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). Defendants argued that Mr. Jones's complaint should be dismissed under section 2-619(a)(4) of the Code (*id.* § 2-619(a)(4)) because it was barred by *res judicata* and under section 2-615 of the Code (*id.* § 2-615) because Mr. Jones failed to sufficiently plead a claim upon which *certiorari* relief could be granted. In response, Mr. Jones argued that the present case had nothing to do with any prior action he had brought and that he had clearly stated a legally cognizable claim. On January 19, 2022, the circuit court granted defendants' section 2-619 motion to dismiss "based on the doctrine of *res judicata.*"

¶ 14 II. JURISDICTION

¶ 15 The circuit court dismissed Mr. Jones's complaint on January 19, 2022, and he timely mailed his notice of appeal pursuant to Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017) on February 9, 2022. This case was transferred from the Fourth District to the First District pursuant to an order of the Illinois Supreme Court on February 6, 2023. In that order, the supreme court directed the clerk of the Fourth District Appellate Court to transfer a number of cases to the four other districts on the basis of "public necessity." This court has jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 16 III. ANALYSIS

¶ 17 Defendants in this case moved to dismiss the complaint under section 2-619.1 of the Code, "which allows a party to file a motion combining a section 2-619 motion to dismiss with a section 2-615 motion to dismiss." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31

(citing 735 ILCS 5/2-619.1 (West 2020)). We review *de novo* a dismissal under either section. *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24. And although the circuit court granted the motion under section 2-619, based on the doctrine of *res judicata*, we may affirm the circuit court on any basis supported by the record, "regardless of the court's reasoning." *Kennedy v. City of Chicago*, 2022 IL App (1st) 210492, ¶ 16. Because we find that Mr. Jones's complaint can be properly dismissed for failure to state a claim under section 2-615 of the Code, we need not reach the question of whether it was also properly dismissed based on *res judicata*.

¶ 18    A motion to dismiss brought pursuant to section 2-615 of the Code is a facial challenge asserting that the complaint fails to state a cause of action upon which relief can be granted. 735 ILCS 5/2-615; *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147 (2002). "The proper inquiry is whether the well-pleaded facts of the complaint, taken as true and construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Loman v. Freeman*, 229 Ill. 2d 104, 109 (2008). "Because Illinois is a fact-pleading jurisdiction, a plaintiff must allege facts, not mere conclusions, to establish his or her claim as a viable cause of action." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). A court will only grant a section 2-615 motion where "it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover." *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 115 (1995).

¶ 19    "A common-law writ of *certiorari* is the general method for obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2014)) and the act provides for no other forms of review." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 67. "The statutory provisions pertaining to prison disciplinary procedures neither adopt the Administrative Review Law nor

provide any other method of judicial review." *Id.* (citing 730 ILCS 5/3-8-7 to 3-8-10 (West 2014)). "Accordingly, properly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Id.*

¶ 20    "However, there is no absolute right to review by *certiorari*." *American Federation of State, County and Municipal Employees, Council 31, AFL-CIO v Department of Central Management Services*, 288 Ill. App. 3d 701, 710 (1997). "A petition for *certiorari* relief is properly denied if the court finds that the plaintiff cannot prevail or that he is not entitled to the review he seeks." *Lake v. State*, 401 Ill. App. 3d 350, 353 (2010).

¶ 21    Because Mr. Jones failed to state a claim upon which *certiorari* relief could be granted, his complaint was properly dismissed.

¶ 22        A. Mr. Jones Failed to Allege a Procedural Due Process Violation

¶ 23    Mr. Jones argues on appeal that he stated a legally cognizable claim because he alleged conduct by defendants that violated his procedural due process rights and hurt his chances for clemency. Mr. Jones argues that this conduct included Lieutenant Bantista and Mr. Hedrick violating the Administrative Code and state law by not interviewing the witnesses Mr. Jones identified; Lieutenant Bantista saying, " 'either way you get a verbal reprimand,' *which means guilty despite proof of innocence*" (emphasis in original); and Ms. Naretto "allow[ing] [Sergeant] Sellers to substitute his own spurious ticket and all subsequent levels of grievance process were in equal violation of State's 504."

¶ 24    "Procedural due process protections are triggered only when a constitutionally protected liberty or property interest is at stake, to which a person has a legitimate claim of entitlement." *Hill v. Walker*, 241 Ill. 2d 479, 485 (2011). "Therefore, the starting point in any due process analysis is a determination of whether one of those protectable interests is present, for if there is

not, no process is due." (Internal quotation marks omitted.) *Id.* Only if the State has deprived an individual of his liberty or property interest, do we then examine whether the procedures involved were constitutionally sufficient. *Trevino v. Baldwin*, 2020 IL App (4th) 180682, ¶ 20.

¶ 25    In his complaint, Mr. Jones did not allege any deprivation of property. We acknowledge that Mr. Jones alleged an incident of Sergeant Sellers confiscating his eyeglasses in his brief in support of the complaint. But, according to Mr. Jones, that was a prior incident and not an issue in his present complaint, which instead involved an interruption of Mr. Jones's prayer and Bible study.

¶ 26    Because Mr. Jones has not alleged a deprivation of property, the question then becomes whether Mr. Jones alleged a liberty interest that was interfered with by the State. Our supreme court has made clear that "in the context of prison disciplinary proceedings, a prisoner is entitled to due process protections *** only when the penalty faced by the prisoner implicates a liberty interest because it affects the nature or duration of his confinement." *Fillmore*, 2019 IL 122626, ¶ 48. "[A]s a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest." (Internal quotation marks omitted.) *Id.* ¶ 56. A sanction that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may also impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Fillmore*, 2019 IL 122626, ¶¶ 45-47. Importantly, "[i]t is not the violation of [a] regulation itself that gives rise to the cause of action but, rather, the interest affected by the discipline imposed." *Id.* ¶ 47.

¶ 27    Here, Mr. Jones did not allege any sanction affecting his release date or that otherwise might impose on a liberty interest—the only sanction Mr. Jones alleged was a "verbal reprimand."

This is not a sanction that imposes an atypical and significant hardship on Mr. Jones in relation to the ordinary incidents of prison life. See *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (finding that a reprimand, among other sanctions, was "minor" and did "not implicate any liberty or property interest"). Taking all of Mr. Jones's allegations as true, Mr. Jones has simply not alleged any due process violations that deprived him of a liberty interest, and he has failed to state a claim upon which *certiorari* relief could be granted.

¶ 28 Before the circuit court on the motion to dismiss, and now on appeal, Mr. Jones has argued that these "spurious tickets can hurt [his] clemency chances." However, Mr. Jones did not allege any harm to his clemency chances in his complaint, and our consideration of a section 2-615 motion is limited to "those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record." *Mt. Zion State Bank*, 169 Ill. 2d at 115. Moreover, even if Mr. Jones *had* alleged harm to his clemency chances in his complaint, this would not have cured his *certiorari* claim as there is no liberty interest in a potential executive pardon, such as clemency. See *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67-68 (2009) ("noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law" (emphasis in original)).

¶ 29                    2. Mr. Jones Failed to Allege a Claim for Retaliation

¶ 30 Mr. Jones does not argue on appeal that he stated a claim for retaliation and has thus forfeited the issue. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (the argument section of an appellant's brief "shall contain the contentions of the appellant and the reasons therefor ***. Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Forfeiture aside, however, Mr. Jones's allegations failed to state a claim for

retaliation as well.

¶ 31 "To state a claim for retaliation under the first amendment," a plaintiff must allege facts to show that "(1) he engaged in activity protected by the first amendment, (2) he experienced an adverse action that would likely deter first amendment activity in the future, and (3) the first amendment activity was at least a motivating factor in defendants' decision to take the retaliatory actions." (Internal quotation marks omitted.) *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 65.

¶ 32 Mr. Jones alleged in his complaint that he was being retaliated against for telling the Illinois State Police about the murder of an inmate by two IDOC employees. Fatally, however, Mr. Jones has not alleged any facts to show that this was a motivating factor in defendants taking any retaliatory actions. In other words, Mr. Jones has not alleged facts showing a "causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury" (internal quotation marks omitted) or that "the adverse action against [him] would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. ___, ___,139 S.Ct. 1715, 1723 (2019).

¶ 33 As we observed in *Jones I*, "[p]ut another way, [Mr. Jones] was required to show a nexus between defendants' conduct and an intent to chill his right to speak with state police about the murder investigation." *Jones I*, 2021 IL App (4th) 200202-U, ¶ 24 (citing *Dempsey v. Johnson*, 2016 IL App (1st) 153377, ¶ 26). Here, as in *Jones I*, Mr. Jones has not alleged any facts to show a link between his telling the Illinois State Police about the murder and the 2020 disciplinary proceedings that form the basis for his complaint. *Id.* Instead, Mr. Jones simply alleged in conclusory fashion that he was being retaliated against, which is not enough. *Napleton*, 229 Ill. 2d at 305. Accordingly, he has again failed to state a claim for retaliation.

¶ 34                                    IV. CONCLUSION

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 36    Affirmed.