In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1415

JOHN A. LOGAN,

*Plaintiff-Appellant,*

*v.*

DONNA WILKINS, M.D., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:09-cv-00282-WTL-DML—**William T. Lawrence**, *Judge.*

ARGUED DECEMBER 2, 2010—DECIDED JULY 8, 2011

Before EASTERBROOK, *Chief Judge*, and MANION and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* John A. Logan claims that the defendants, who are local government officials and a private individual, conspired to deprive him of a mobile home park he owned in Indiana, in violation of his constitutional rights. Much of the defendants' alleged wrongdoing occurred more than two years before Logan filed this lawsuit. Because Logan's claims

are subject to a two-year statute of limitations, we find that any claims arising from wrongdoing that occurred more than two years before this lawsuit was filed are time barred.

We also find that Logan failed to challenge on appeal the district court's dismissal of the claims that were not time barred, and that he therefore waived any contention that the court erroneously dismissed those claims. Even if there had been no waiver, we find that Logan's allegations do not give rise to a claim for conspiracy to violate any rights protected by 42 U.S.C. § 1983, as Logan claims.

Finally, we decline to exercise our power to remand this case to the district court to allow Logan to amend his complaint because Logan does not point to any additional facts that would cure the deficiencies in his complaint. Therefore, we affirm the district court's judgment.

## I. BACKGROUND

On March 6, 2009, plaintiff-appellant John A. Logan sued defendants-appellees, alleging violations of 42 U.S.C. §§ 1983 and 1981. Logan claims that the defendants deprived him of the full use of a mobile home park he owned in Delaware County, Indiana. The defendants allegedly wanted the property developed into something other than a mobile home park.

According to Logan, the wrongdoing began in 2005, when defendant Phil Taylor, who worked for the Zoning Board of the City of Muncie, Indiana, spread the word

to Logan's tenants that the Muncie, Indiana Health Department was going to close down Logan's mobile home park. In November 2005, defendant Christine Dely-Stintson, who worked for the Delaware County Health Department, toured the property and allegedly told Logan's tenants to stop paying rent and to vacate the property. Following that visit, thirteen of Logan's tenants left, causing him severe financial difficulties.

On September 6, 2006, defendant Donna Wilkins, the Commissioner of the Delaware County Health Department, commenced an action against Logan in connection with the mobile home park. On October 27, 2006, the Delaware Circuit Court ordered the removal of thirteen mobile homes from the park. Logan did not appeal that ruling. He claims that no one advised him that he had ten days to appeal, in violation of his Due Process rights. In the alternative, he claims that he did not appeal because he is bipolar and does not do well under stress. He alleges that everyone in the community, including the defendants, knew that he was bipolar, and that the defendants took a series of (unspecified) steps to ensure that he would be under stress by the time he received the ruling from the circuit court.

Armed with the circuit court's order, defendant Wilkins hired defendant Rodney Barber, an allegedly inept contractor, to demolish the homes. Barber was allegedly unlicensed, uninsured, and did not have a permit to remove debris. Logan claims that Wilkins hired Barber because she wanted to split contract fees with him.

Instead of demolishing the thirteen homes specified in the circuit court's order, Barber allegedly demolished fourteen homes. Barber also failed to cap public utility lines, stole some of Logan's property, and did not clean up the site. Logan claims that Barber's incompetent handling of the demolition job caused him additional financial harm and made attracting good tenants more difficult. Logan also claims that Barber acted at the direction of defendants Dely-Stintson, and Joshua Williams, another county health department employee.

When Logan discovered the property damage, he filed a report with the Delaware County Sheriff, defendant George Sheridan. According to Logan, the complaint was never investigated. As a result of all of these actions, which Logan claims were part of a conspiracy among the defendants to deprive him of his property, Logan lost the mobile home park in foreclosure on September 26, 2007. Under Indiana's landlord-tenant laws, a change of ownership on leased premises allegedly has no effect on the rights of tenants under their leases. But on December 19, 2007, Sheriff Sheridan allegedly attempted to enforce the final decree of foreclosure by ordering his deputy, defendant Beth Robbins, to enter the mobile home park and order the tenants to vacate. Logan claims that these post-foreclosure actions were also part of the conspiracy.

In July 2009, the district court dismissed Logan's complaint. The court found that all of Logan's pre-March 6, 2007 claims (which included all of the claims relating to the damage caused to the property by defendant Barber)

were barred by the two-year statute of limitations governing actions brought under § 1983. The court reasoned that Logan's claims began to accrue when he realized, or should have realized, that his constitutional rights had been infringed. Because Logan knew that he was injured each time the defendants engaged in an allegedly unlawful act, the court found that the statute of limitations began to run for each act when it was committed. The court also concluded that it was impossible for Logan to claim that the defendants concealed the alleged conspiracy from him because Logan was aware of each of the allegedly wrongful acts when they occurred.

The only remaining claims were those asserted against Sheriff Sheridan and Deputy Robbins in connection with their attempts to enforce the circuit court's foreclosure order. As to those, the court found that even if Logan had alleged that the defendants had exceeded their authority in enforcing the foreclosure order (which Logan did not do), Logan could not maintain any claims based on those actions because Logan no longer possessed the property in December 2007 and had no interest in his former tenants' rent payments. The court therefore dismissed Logan's complaint with leave to amend.

In his amended complaint, Logan claimed that the defendants "actively concealed" their involvement in the alleged conspiracy until sometime after August 17, 2007. Around that time, Logan's counsel received defendant Barber's answer in another civil case Logan had

brought against Barber in connection with the demolition of the fourteen homes. Barber's answer in that case (which Logan attached to the amended complaint) allegedly led Logan's attorney to investigate the role of the county defendants and to discover that they had all conspired together. Along with Barber's answer, Logan also attached to his amended complaint the circuit court's October 27, 2006 order, which identified Donna Wilkins and Dely-Stintson as the Delaware County Health Department officers behind the condemnation and removal of the mobile homes.

Logan also included in his amended complaint new allegations against defendant Taylor and the Sheriff. Logan claimed that after the demolition of the fourteen homes, defendant Taylor arbitrarily and capriciously refused to schedule an electrical inspection that was required by local regulations in order to install new meters. He also claimed that the foreclosure order did not direct the Sheriff to inform his tenants to stop paying rent and to move out.

In January 2010, the court again dismissed Logan's complaint, explaining that, with the exception of the allegations against defendant Taylor, the complaint was substantively identical to the one previously dismissed. As to defendant Taylor, the court found that, even assuming that Taylor had a duty to conduct the inspections, Logan did not articulate how Taylor's failure to schedule the inspections violated Logan's constitutional rights. This appeal followed.

## II.  ANALYSIS

### A.  Pre-March 6, 2007 Claims

Logan contends that the gravamen of his complaint is the conspiracy among the defendants. He argues that the district court failed to address his argument that the statute of limitations should have been tolled because the defendants fraudulently concealed their conspiracy. We review statute of limitations determinations de novo. *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 626 (7th Cir. 2010).

The statute of limitations applicable to § 1983 suits in Indiana is two years. *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Id.* For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Id.* To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury. *Id.*

Although Logan claims that he was not aware of the defendants' conspiracy, he was aware of every act allegedly committed pursuant to that conspiracy that injured him. For example, Logan knew shortly after defendant Barber demolished the mobile homes that Barber had bulldozed fourteen rather than thirteen homes, causing unnecessary property damage. Logan does not directly challenge the district court's conclusion

that his claims began to accrue when the defendants committed the allegedly injurious acts. Rather, he contends that the court did not consider his argument that the statute should have been tolled due to the defendants' fraudulent concealment of their alleged conspiracy.

In Indiana, the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations when the defendant has, either by deception or by violating a duty, concealed from the plaintiff material facts, preventing the plaintiff from discovering a potential cause of action. *City of E. Chi. v. E. Chi. Second Century, Inc.*, 908 N.E.2d 611, 621-22 (Ind. 2009); *see also Behavioral Institute*, 406 F.3d at 932 (noting in § 1983 action that "[u]nder Indiana law, statutes of limitation may be tolled due to . . . fraudulent concealment"). The doctrine "does not establish a new date for the [running] of the statute, but rather works an equitable exception." *City of E. Chi.*, 908 N.E.2d at 622. To successfully invoke fraudulent concealment and toll the statue of limitations, a plaintiff must establish that the concealment or fraud was of such character to prevent inquiry, elude investigation, or to mislead the plaintiff. *Doe v. Shults-Lewis*, 718 N.E.2d 738, 748 (Ind. 1999).

Logan has not pleaded any facts in his amended complaint that would support his contention that the defendants engaged in fraudulent concealment. He does not describe any deception or other acts by the defendants that prevented him from discovering that he was injured. He asserts only that he learned of the alleged conspiracy when his attorney decided to investigate

after receiving an answer filed by defendant Barber in a separate civil case. Logan points to Barber's statement that two employees of the Delaware County Health Department, defendants Williams and Dely-Stintson, directed Barber's actions during the demolition. However, Logan already knew from the circuit court's removal order that the Delaware County Health Department, and specifically, defendant Dely-Stintson, who is named in the circuit court's order, were behind the demolition of the homes. Therefore, Logan had the same incentive to investigate any purported conspiracy back in 2006 when the homes were demolished. No other facts are averred in the complaint to support the allegation that the defendants engaged in fraudulent concealment.

While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). And if the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim. *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). So, we find that the district court did not err in finding that Logan's pre-March 6, 2007 claims were barred by the applicable two-year statute of limitations.

**B. Post-March 6, 2007 Claims**

Logan does not challenge in his opening brief the dismissal of his post-March 6, 2007 claims against the Sheriff, Deputy Robbins, or defendant Taylor. Therefore, he has waived the right to argue on appeal that the district court improperly dismissed those claims. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 641 (7th Cir. 2008) (explaining that a party waives an argument if it fails to develop that argument on appeal).

Even if there had been no waiver, the facts in the complaint do not support Logan's contention that these defendants were part of a conspiracy to injure Logan. "To establish § 1983 liability through a conspiracy, a plaintiff must [establish that] (1) a state official and private individual(s) reached an understanding to deprive plaintiff of his constitutional rights; and (2) those individual(s) were willful participants in joint activity with the State or its agents."[1] *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (internal quotations and citations omitted). The only statement in the complaint that suggests that there was an unlawful agreement between any of the defendants in this case is the allegation that

---

[1] Logan argues that "the act complained of which caused him an injury . . . is a conspiracy among the governmental Defendants." But the "conspiracy matters only" with respect to defendant Barber, a private actor, because the other defendants "are state actors, and thus amenable to suit under 42 U.S.C. § 1983, by virtue of their offices." *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

Wilkins hired Barber to split contract fees with him. But the claims against Wilkins and Barber are time barred, and no other allegations in the complaint suggest that the Sheriff or his deputy, in enforcing a lawful foreclosure order, were acting in concert with Wilkins or Barber or any of the other defendants to do something illegal. Similarly, nothing in the complaint suggests that defendant Taylor's alleged failure to schedule an electrical inspection violated Logan's constitutional rights. Therefore, we affirm the district court's dismissal of these claims.[2] *See Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 467 (7th Cir. 2005) (an appellate court may affirm on any basis supported by the record).

### C. Request for Remand

Logan asks us to remand so that he can seek leave from the district court to amend his complaint. Remand is not required where a plaintiff's complaint reveals incurable defects. *See Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001). Logan has already been given one opportunity to amend his complaint, and he does not point to any other facts that, if averred, would cure the complaint's deficiencies. We therefore decline to remand for further proceedings.

---

[2] Because we find that Logan did not state a claim under § 1983 against the Sheriff, his deputy, or defendant Taylor, we need not consider whether the district court correctly concluded that Taylor could not assert a claim against these defendants after he lost the property in foreclosure.

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.