NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 15, 2012[*]
Decided February 22, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3123

| | |
|---|---|
| NICHOLAS A. MACKALL, et al., <br> *Plaintiffs-Appellants*, <br><br> *v.* <br><br> CATHEDRAL TRUSTEES, INC., d/b/a <br> CATHEDRAL HIGH SCHOOL, et al., <br> *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:10-cv-00339-RLY-MJD <br><br> Richard L. Young, <br> *Chief Judge*. |

**O R D E R**

Timothy and Stephanie Mackall enrolled their son, Nicholas, at Cathedral High School in Indianapolis but stopped paying his tuition bill during his senior year. In this appeal Nicholas challenges an adverse ruling at summary judgment on his claims that Cathedral and numerous board members and employees violated federal and state law

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

when they sent colleges and universities copies of his transcript listing grades of "Incomplete" because of the unpaid tuition. His parents appeal from the dismissal of claims they tried to raise on behalf of Nicholas and his minor sister, who also attended Cathedral. We affirm the judgment.

As a matter of policy, Cathedral issued grades of "Incomplete" to students whose tuition was in arrears. Nicholas received grades of "Incomplete" for his first-semester classes, and then during the week of January 21, 2008, the school released his transcript—including the string of "Incompletes"—to the six schools where he had applied for admission. The Mackalls learned about the "Incompletes" on February 6 when a volleyball coach who was recruiting Nicholas for one of the schools called to inquire about their appearance on his transcript. Timothy complained to school administrators; later that month Cathedral sent an updated transcript with letter grades to all six schools, even though the tuition bill remained unpaid. Cathedral eventually won a judgment in state court against Timothy and Stephanie for the unpaid tuition. *See Mackall v. Cathedral Trs., Inc.*, 951 N.E.2d 313 (Table), 2011 WL 3366420, at *1 (Ind. Ct. App. Aug. 4, 2011).

On March 22, 2010, the Mackalls sued Cathedral, several of its board members, and more than a dozen administrators and teachers for releasing the transcript and, allegedly, dismissing his sister from the school because of the tuition dispute. The 55-page complaint raised claims under 42 U.S.C. § 1983 and other provisions of federal and Indiana law. The complaint named Nicholas as a plaintiff and also his parents, who purported to bring claims on his and his sister's behalf. The Mackalls appeared pro se.

After the defendants moved for summary judgment, the district court dismissed Nicholas's parents and his sister. Because neither Timothy nor Stephanie is a lawyer, the district court ruled that neither could represent their children in federal court. But Nicholas was over 18 when the suit was filed and was allowed to proceed on his own claims. The court then granted summary judgment to the defendants on Nicholas's federal claims. The court first concluded that the § 1983 claims were untimely and that Nicholas had failed to submit evidence that any of the defendants from the private school had acted under color of state law when they released his transcript. The court also determined that Nicholas had not demonstrated a genuine issue of material fact as to any of his other federal claims. Left with only the state-law claims, the court declined to exercise its supplemental jurisdiction and dismissed those claims without prejudice.

On appeal Nicholas's parents assert that the district court should have allowed them to proceed on the claims asserted on their children's behalf, while Nicholas contends that the court erred in finding his § 1983 claims time-barred and lacking in state action. Meanwhile, the defendants, who did not cross-appeal, contend that the district court abused

its discretion by relinquishing jurisdiction over the state-law claims rather than rejecting the claims on the merits.

We agree with the district court that Timothy and Stephanie could not maintain their claims on behalf of their children. Parents who are not attorneys must have aid of counsel to represent their children in federal court for claims brought under § 1983, *Elustra ex rel. Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *see Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002), and the Mackalls were unrepresented.

Regarding Nicholas's § 1983 claims, the district court correctly concluded that they fail for untimeliness and lack of state action. On the first point, the statute of limitations for a § 1983 claim arising in Indiana is two years, *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see* IND. CODE 34-11-2-4, and a claim accrues when the plaintiff knows or should know that his rights have been violated, *Logan*, 644 F.3d at 581–82. We understand Nicholas to argue that he was injured at the time his "Incompletes" were disclosed to the colleges and universities where he applied, as if his claims were for defamation or invasion of privacy. Nicholas's claims thus accrued no later than February 6, 2008, when the volleyball coach called to question him about the "Incompletes" on his transcript. Because he filed this suit more than two years later—on March 22, 2010—his § 1983 claims are time-barred.

On the second point, Nicholas had the burden of demonstrating that Cathedral and the individual defendants acted under color of state law when they released his transcript. *See Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822–23 & n.6 (7th Cir. 2009). Because all of the defendants are private parties, not government officials, Nicholas needed to provide evidence that they willfully colluded with the state or its agents to violate his constitutional rights. *See Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006); *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). Citing *Gonzaga University v. Doe*, 536 U.S. 273 (2002), Nicholas appears to argue that Cathedral acted under color of state law simply because it submitted his transcript to Indiana University, a public institution. But Nicholas misreads *Gonzaga*; the Court there never examined the question whether the private-university defendant had acted under color of state law when it shared information about the plaintiff with a state licensing body. 536 U.S. at 277 n.1. The state court from which the case arose upheld a finding that the university had acted under color of state law only because there was evidence in the record that demonstrated collusion between the university and the state to violate the plaintiff's rights. *See Doe v. Gonzaga Univ.*, 24 P.3d 390, 401–02 (Wash. 2001) (en banc), *rev'd on other grounds*, 536 U.S. 273 (2002). Nicholas never produced evidence that

Cathedral acted in concert with officials at Indiana University or any other state actors when it released his transcript.

Finally, we cannot address the defendants' contention that the district court abused its discretion in declining to exercise supplemental jurisdiction over the state-law claims rather than rejecting them on the merits. The defendants did not cross-appeal, thus precluding their attempt to enlarge their victory. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999); *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 804 n.4 (7th Cir. 2010); *Wellpoint, Inc. v. Comm'r*, 599 F.3d 641, 649 (7th Cir. 2010).

Many of plaintiffs' claims in this case are clearly frivolous, and we warn plaintiffs that further pursuit of them may well warrant sanctions without further warnings.

AFFIRMED.