NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2012[*]
Decided May 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3131

| | |
|---|---|
| DANIEL F. MARTIN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | Fort Wayne Division. |
|     *v.* | |
| | No. 1:11-CV-220-TLS |
| JAMES R. HEUER, et al., | |
|     *Defendants-Appellees*. | Theresa L. Springmann, |
| | *Judge*. |

**O R D E R**

Daniel Martin appeals from the dismissal of his complaint alleging that two Indiana judges misapplied the law when they ruled against him during eviction proceedings. Because we lack jurisdiction to review the state judges' decisions and because the other claim Martin pursues on appeal is time-barred, we affirm the judgment.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

When Martin's mother Miriam died, she left him a life estate in her home in Kendalville, Indiana. The remainder was to go to his children. But according to Martin's complaint, his son mortgaged that future interest and then defaulted on the mortgage. The bank foreclosed on the property, subject to Martin's life estate. After the foreclosure, the property taxes on the house went unpaid, and it was sold at a tax sale in 2005. The property's purchasers, through their attorney, Jon Orlosky, then tried to have Martin evicted from the property. Martin challenged the eviction in state court before Judge David Laur and, after Judge Laur recused himself, Judge James Heuer. Martin lost and was evicted in 2007; his appeals in the state system were unsuccessful.

Martin then filed this suit under 42 U.S.C. § 1983, accusing Judges Laur and Heuer of violating his due-process rights by ruling against him in decisions that, he asserted generally, were contrary to Indiana law. He also broadly accused Orlosky of violating his due-process rights by submitting falsified and perjured documents during the eviction proceedings. Martin attempted to raise claims against other parties as well, but we omit them here, as he has failed to develop them on appeal and has abandoned any argument regarding those claims. *See United States v. Hussein*, 664 F.3d 155, 161 n.2 (7th Cir. 2011).

Screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the district court concluded that the *Rooker-Feldman* doctrine precluded review of any claims challenging the propriety of the state judges' rulings. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). To the extent Martin's complaint could be read to raise claims not barred by *Rooker-Feldman*, the district court determined that none of these claims could proceed because Judges Laur and Heuer were entitled to absolute judicial immunity, and all of Martin's claims were time-barred.

On appeal Martin urges that the district court erred in applying *Rooker-Feldman* because "when state courts fail to uphold their own laws," federal courts have "the right to assume jurisdiction over the case." But within the federal system only the Supreme Court has jurisdiction to review the decision of a state court in a civil case, "no matter how erroneous or unconstitutional the state court judgment may be." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012); *see Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker-Feldman*.

As for Orlosky, Martin's claim that he submitted fabricated evidence to the state court is not barred by *Rooker-Feldman* because it is not an attack on the state-court judgment but rather an allegation of a due-process violation independent of the judgment itself.

*See Brokaw v. Weaver*, 305 F.3d 660, 665 (7th Cir. 2002); *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Regardless, the claim fails as untimely. The statute of limitations for a violation of § 1983 in Indiana is two years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see* IND. CODE 34-11-2-4. Martin filed his complaint in 2011, but he alleges that Orlosky perpetuated his fraud on the court between 2005 and 2008, more than two years earlier.

Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Martin's motion that simply rehashes his appellate brief in seeking "clarification" as to the ownership of the life estate his mother left him.