**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013[*]
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2799

| | |
|---|---|
| LARRY C. HAYES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 11-1329 |
| | |
| SHERRY HILE, et al., | James E. Shadid, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Larry Hayes, an Illinois prisoner, appeals the dismissal of his civil-rights lawsuit claiming that Department of Corrections employees failed to protect him from an assault by his cellmate. The attack occurred in 2003. Hayes filed suit in federal court in 2011.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(A)(2).

Hayes was confined at the Hill Correctional Center in 2003 when he told prison guards that he feared his cellmate. A week later the cellmate attacked Hayes and broke his jaw. Hayes was sent to segregation for fighting back. In 2011 the Court of Claims of Illinois awarded him $3,000 after finding that the guards had negligently failed to protect him. Hayes then sued in federal court under 42 U.S.C. § 1983, asserting that the defendants had shown deliberate indifference to the risk of an attack and also violated his right to due process by punishing him afterward. (He also brought supplemental state-law claims that he since has abandoned.) All of the pertinent events, according to Hayes, occurred from October 2003 to September 2004.

The district court screened the complaint, see 28 U.S.C. § 1915A(b)(1), and concluded that the suit is barred by the 2-year statute of limitations applicable to § 1983 claims in Illinois. See *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). Hayes asked the court to reconsider the dismissal; he argued that the statute of limitations was equitably tolled because he filed his federal claims initially in the Court of Claims on the mistaken belief that it was necessary to exhaust state judicial remedies. (Hayes apparently assumed that the exhaustion requirement governing petitions for habeas corpus applies to § 1983 lawsuits as well. See 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982). It does not.) The district court denied that motion with the explanation that Hayes "had not provided a copy of any documentation concerning his state court case."

In this court Hayes presses his contention that the statute of limitations was tolled while he pursued his federal claims in the Court of Claims. As support for that argument, Hayes has given us the order from the Court of Claims dismissing his federal constitutional claims for lack of subject-matter jurisdiction. That order was issued in September 2006. Hayes had included his federal claims when he first filed his action in the Court of Claims in October 2004, and he contends that the Court of Claims misled him by waiting until more than two years after the attack and disciplinary proceedings before dismissing the federal claims.

The district court incorrectly suggested that Hayes needed to provide documentation to establish that his federal claims were timely. A statute of limitations creates an affirmative defense, and only when the plaintiff's submissions reveal a defense to be airtight will dismissal at screening be appropriate. See *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). State-law tolling provisions apply in § 1983 suits, *Ray*, 662 F.3d at 773; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007), and Hayes had two possible tolling arguments. First, Illinois grants a 1-year period to refile claims dismissed by the Court

of Claims for lack of subject-matter jurisdiction. See 735 ILCS § 5/13-217; *Edwards v. Safer Found., Inc.*, 525 N.E.2d 987, 990 (Ill. App. Ct. 1988). Second, Illinois recognizes equitable tolling for claims mistakenly filed in the wrong forum or delayed "in some extraordinary way." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000). (Illinois also tolls the limitations period when a defendant has misled a plaintiff, see *id.*, but Hayes says that he filed late because he was misled by the Court of Claims, not a defendant.) When he filed his federal complaint Hayes was not required to anticipate a limitations defense or establish through his complaint that his § 1983 claims would be saved by tolling of the limitations period. See *Richards*, 696 F.3d at 637; *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010).

At this point, however, we are confident that the district court's slip was harmless. Hayes has provided us with the 2006 order dismissing his federal constitutional claims, making it apparent that the Illinois tolling rules do not save his § 1983 suit. He did not refile within the year allotted by the Illinois savings statute. See 735 ILCS § 5/13-217; *Edwards*, 525 N.E.2d at 990. His explanation is that he waited until after the litigation in the Court of Claims was finished because he believed that § 1983 suits, like petitions for habeas corpus, require exhaustion in state court. They do not, see *Savory v. Lyons*, 469 F.3d 667, 674 (7th Cir. 2006), and a mistake about the applicable filing period is not an extraordinary barrier justifying equitable tolling, see *Thede v. Kapsas*, 897 N.E.2d 345, 351–52 (Ill. App. Ct. 2008); *Griffin v. Willoughby*, 867 N.E.2d 1007, 1016 (Ill. App. Ct. 2006). Hayes's final assertion that the Court of Claims misled him about its jurisdiction and then erroneously failed to transfer his claim also is wrong. The Court of Claims of Illinois operates as a quasi-judicial body within the legislative branch and provides the exclusive forum to bring claims against the state. See *Lake v. State*, 928 N.E.2d 1251, 1254–55 (Ill. App. Ct. 2010). The Court of Claims lacks jurisdiction over federal constitutional issues, see 705 ILCS 505/8; *Ziegler v. Illinois*, 55 Ill. Ct. Cl. 405, 406 (2002), and its governing regulations do not provide a way to sever or transfer claims, see ILL. ADMIN. CODE tit. 74, § 790. Nothing prevented Hayes from refiling after he received the 2006 order, so he cannot rely on equitable tolling. See *Peregrine Fin. Group, Inc. v. Futronix Trading, Ltd.*, 929 N.E.2d 1226, 1229 (Ill. App. Ct. 2010) (explaining that statute of limitations was not equitably tolled when plaintiff could have filed earlier); *Kaufmann v. Jersey Cmty. Hosp.*, 919 N.E.2d 1077, 1088 (Ill. App. Ct. 2009) (same). Because Hayes's federal claims were dismissed in 2006, and he did not file this case until 2011, the record confirms that his suit is time-barred. See FED. R. CIV. P. 12(c); *Logan*, 644 F.3d at 582; *Savory*, 469 F.3d at 674.

AFFIRMED.