John E. GIBENS, Plaintiff–Appellant,

v.

INDIANA BUREAU OF MOTOR
VEHICLES, et al., Defendants–
Appellees.

No. 13–2383.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 26, 2013.*

Decided Sept. 27, 2013.

John E. Gibens, Merrillville, IN, pro se.

Before WILLIAM J. BAUER, Circuit
Judge, RICHARD D. CUDAHY, Circuit
Judge and DIANE S. SYKES, Circuit
Judge.

### ORDER

John Gibens appeals the dismissal of his
civil-rights lawsuit, alleging that the
Indiana Bureau of Motor Vehicles sus-
pended his driver's license without due
process and then unlawfully ignored a
state court's order to reinstate his license.
We affirm.

As set forth in the complaint that he
filed in 2013, Gibens's driving license was
suspended in 2009 and 2012 by the Bureau
of Motor Vehicles, and he was labeled a
"habitual traffic offender" based on infor-
mation contained in his driving record (a
copy of which he attached to the com-
plaint). A state court granted his request
for partial reinstatement of his license to
prevent undue hardship, see IND.CODE § 9–
24–15–6(a)(2), but his license remained
suspended. Believing that the continued
suspension of his driver's license violated
numerous constitutional protections
(among them due process, the Double
Jeopardy Clause, the right to a jury trial,
and the prohibition against bills of attain-
der), he brought suit under 42 U.S.C.
§ 1983 against Indiana, its Bureau of Mo-
tor Vehicles and its Secretary of State,
seeking $1 million in damages, expunge-
ment of his driving record, reinstatement
of his driver's license, and an injunction
against future suspensions. (On appeal he
abandons his claims against the Secretary
of State.)

According to Gibens's driving record, his
license was suspended in 2009 and 2012
based on violations of two state laws. The
first law allows the Bureau of Motor Vehi-
cles to suspend the driver's licenses of
"habitual traffic violators" after providing
30 days' notice and an opportunity to dis-
pute the accuracy of the Bureau's driving
records or seek judicial review. See IND.
CODE §§ 9–30–10–5(a), 9–30–10–6, 9–30–
10–7. Gibens's record shows that his li-
cense was suspended for ten years begin-
ning in June 2009 because he had been
convicted three times of driving while in-
toxicated, most recently in April 2009. See
IND.CODE § 9–30–10–4(b). The second law
allows the Indiana Child Support Bureau
to suspend the driving licenses of those
who owe more than $2,000 in child-support
payments, after providing notice and an

---

* The defendants were not served with process
in the district court and are not participating
in this appeal. After examining the appel-
lant's brief and the record, we have conclud-
ed that the case is appropriate for summary
disposition. Thus, the appeal is submitted on
the appellant's brief and the record. See FED.
R.APP. P. 34(A)(2).

opportunity for a hearing. *See* Ind.Code §§ 31–25–4–32(a)(4), 31–25–4–33. Gibens's license was suspended from July to December 2012 based on delinquent child-support payments.

The district court dismissed the complaint at screening, 28 U.S.C. § 1915(e)(2)(B), concluding that the challenge to the 2009 suspension was barred by the 2–year statute of limitations applicable to § 1983 claims arising in Indiana. *See Logan v. Wilkins,* 644 F.3d 577, 581 (7th Cir.2011). The court next determined that Gibens did not state a claim concerning the 2012 suspension; his driver's license had already been suspended until 2019, the court explained, so a second, overlapping suspension caused him no harm. Finally the court ruled that Gibens lacked any entitlement to a hardship license because the state court's order was merely "in the nature of a recommendation." IND.CODE § 9–24–15–6(a)(2).

On appeal Gibens asserts that § 1983 does not have a statute of limitations for civil-rights violations. The district court correctly noted that it does, *see Wallace v. Kato,* 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), and that Gibens's lawsuit—occurring as it did four years after his license was suspended—was outside the 2–year statute of limitations, *see Logan,* 644 F.3d at 582; *Hoagland v. Town of Clear Lake, Ind.,* 415 F.3d 693, 699–700 (7th Cir.2005).

Gibens next asserts that the district court misunderstood the nature of the state court's order. We understand him to argue that the Bureau deprived him of a driving license without due process by not responding to that order. But whether a person has a constitutionally protected property interest depends on state law, *see Frey Corp. v. City of Peoria, Ill.,* No. 12–3571, 735 F.3d 505, 509–10, 2013 WL 4257891, at *4 (7th Cir. Aug. 16, 2013), and Indiana law declares that a habitual offender is ineligible for a license based on undue hardship, *see* IND.CODE § 9–24–15–1(6) (chapter does not apply to "[a] person who is a habitual violator of traffic laws"). Because Gibens had no entitlement (i.e., enforceable right) to the license, the district court correctly concluded that he had failed to state a due process claim. *See Munson v. Gaetz,* 673 F.3d 630, 637–38 (7th Cir.2012); *Williams v. Wendler,* 530 F.3d 584, 589–90 (7th Cir.2008).

We have reviewed Gibens's remaining contentions, and all lack merit.

AFFIRMED.