NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 27, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2383

| | |
|---|---|
| JOHN E. GIBENS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:13 CV 188 |
| INDIANA BUREAU OF MOTOR VEHICLES, et al., | |
| *Defendants-Appellees.* | James T. Moody, *Judge.* |

**O R D E R**

John Gibens appeals the dismissal of his civil-rights lawsuit, alleging that the Indiana Bureau of Motor Vehicles suspended his driver's license without due process and then unlawfully ignored a state court's order to reinstate his license. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(A)(2).

As set forth in the complaint that he filed in 2013, Gibens's driving license was suspended in 2009 and 2012 by the Bureau of Motor Vehicles, and he was labeled a "habitual traffic offender" based on information contained in his driving record (a copy of which he attached to the complaint). A state court granted his request for partial reinstatement of his license to prevent undue hardship, *see* IND. CODE § 9-24-15-6(a)(2), but his license remained suspended. Believing that the continued suspension of his driver's license violated numerous constitutional protections (among them due process, the Double Jeopardy Clause, the right to a jury trial, and the prohibition against bills of attainder), he brought suit under 42 U.S.C. § 1983 against Indiana, its Bureau of Motor Vehicles and its Secretary of State, seeking $1 million in damages, expungement of his driving record, reinstatement of his driver's license, and an injunction against future suspensions. (On appeal he abandons his claims against the Secretary of State.)

According to Gibens's driving record, his license was suspended in 2009 and 2012 based on violations of two state laws. The first law allows the Bureau of Motor Vehicles to suspend the driver's licenses of "habitual traffic violators" after providing 30 days' notice and an opportunity to dispute the accuracy of the Bureau's driving records or seek judicial review. *See* IND. CODE §§ 9-30-10-5(a), 9-30-10-6, 9-30-10-7. Gibens's record shows that his license was suspended for ten years beginning in June 2009 because he had been convicted three times of driving while intoxicated, most recently in April 2009. *See* IND. CODE § 9-30-10-4(b). The second law allows the Indiana Child Support Bureau to suspend the driving licenses of those who owe more than $2,000 in child-support payments, after providing notice and an opportunity for a hearing. *See* IND. CODE §§ 31-25-4-32(a)(4), 31-25-4-33. Gibens's license was suspended from July to December 2012 based on delinquent child-support payments.

The district court dismissed the complaint at screening, 28 U.S.C. § 1915(e)(2)(B), concluding that the challenge to the 2009 suspension was barred by the 2-year statute of limitations applicable to § 1983 claims arising in Indiana. *See Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011). The court next determined that Gibens did not state a claim concerning the 2012 suspension; his driver's license had already been suspended until 2019, the court explained, so a second, overlapping suspension caused him no harm. Finally the court ruled that Gibens lacked any entitlement to a hardship license because the state court's order was merely "in the nature of a recommendation." IND. CODE § 9-24-15-6(a)(2).

On appeal Gibens asserts that § 1983 does not have a statute of limitations for civil-rights violations. The district court correctly noted that it does, *see Wallace v. Kato*,

549 U.S. 384, 387 (2007), and that Gibens's lawsuit—occurring as it did four years after his license was suspended—was outside the 2-year statute of limitations, *see Logan*, 644 F.3d at 582; *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699–700 (7th Cir. 2005).

Gibens next asserts that the district court misunderstood the nature of the state court's order. We understand him to argue that the Bureau deprived him of a driving license without due process by not responding to that order. But whether a person has a constitutionally protected property interest depends on state law, *see Frey Corp. v. City of Peoria, Ill.*, No. 12–3571, 2013 WL 4257891, at *4 (7th Cir. Aug. 16, 2013), and Indiana law declares that a habitual offender is ineligible for a license based on undue hardship, *see* IND. CODE § 9-24-15-1(6) (chapter does not apply to "[a] person who is a habitual violator of traffic laws"). Because Gibens had no entitlement (i.e., enforceable right) to the license, the district court correctly concluded that he had failed to state a due process claim. *See Munson v. Gaetz*, 673 F.3d 630, 637–38 (7th Cir. 2012); *Williams v. Wendler*, 530 F.3d 584, 589–90 (7th Cir. 2008).

We have reviewed Gibens's remaining contentions, and all lack merit.

AFFIRMED.