NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014[*]
Decided March 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3106

| | |
|---|---|
| LLOYD SATERFIELD, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
|     *v.* | No. 13-cv-607-GPM |
| | |
| RICK HARRINGTON, et al., | G. Patrick Murphy, |
|     *Defendants-Appellees*. | *Judge.* |

## O R D E R

Lloyd Saterfield, an Illinois inmate, appeals from the denial of his postjudgment motion seeking leave to amend his petition for a writ of mandamus. We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and record, we have concluded that this case is appropriate for summary disposition. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Saterfield, who is housed at the Menard Correctional Center, filed grievances about being denied a kosher diet; the opportunity to participate in the activities of Passover; and hygiene items, including a toothbrush, toothpaste, floss, and shampoo. When he did not receive a response to his grievances, Saterfield petitioned the district court for a writ of mandamus to compel prison officials to respond. The court screened Saterfield's petition and dismissed it with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A. The court explained that it was not empowered to issue writs of mandamus compelling action by state officials, *see id.* § 1361, and that even if Saterfield's submission were construed as an action under 42 U.S.C. § 1983, it failed to state a claim because inmates have no liberty interest in a particular grievance procedure.

Six days after entry of judgment, Saterfield sought leave under FED. R. CIV. P. 60(b) to amend his "complaint" to assert violations of his First, Eighth, and Fourteenth Amendments rights with regard to the infringement on his religious practice and denial of hygienic items. He stated that an opportunity to amend his complaint was warranted because he had been unable to conduct adequate legal research and had been given misguided advice from inmate law clerks regarding the proper relief to seek. The district court summarily denied Saterfield's motion.

Saterfield then sought leave to appeal in forma pauperis. The district court denied the request, commenting that any amendment seeking relief similar to Saterfield's initial petition would be futile, and thus the appeal was not being taken in good faith. We later reversed that determination and granted Saterfield pauper status.

On appeal Saterfield challenges the denial of his postjudgment motion and argues that he should have been allowed to convert his petition for mandamus into a § 1983 complaint. Had the district court reviewed the substance of his grievances rather than the grievance procedures, he says, it would have realized that he had stated constitutional claims for religious infringement and inhumane conditions of confinement.

The district court did not abuse its discretion by denying leave to amend. In his Rule 60(b) motion, Saterfield provided little indication of how he would plead differently to cure his petition's deficiencies. *See Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011). In his motion he spoke generally of "religious and hygiene items being denied," but nowhere alluded to the prison grievances he now says contain the substance of his claims. Nor did he attach to his motion a proposed amended

complaint, which would have alerted the district court to the nature of the claims he wished to make. *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011); *Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). Without more, the conclusory allegations he included in his motion did nothing to inform the district court of the factual basis for any proposed amendment. We conclude here only that the district court acted within its discretion to deny Saterfield leave to amend; we express no view about the merits of any potential claims Saterfield might have sought to pursue.

The judgment of the district court is AFFIRMED. Saterfield incurred a strike in the district court for filing a meritless suit, and he has incurred a second for filing this appeal. *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).