NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015[*]
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1338

| | |
|---|---|
| JOHN D. HAYWOOD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 12-cv-02302 |
| | |
| CHAMPAIGN COUNTY, | Harold A. Baker, |
| ILLINOIS, et al., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

John Haywood, an Illinois prisoner, appeals from the dismissal of his suit brought under 42 U.S.C. § 1983 against parties associated with the investigation and prosecution of his convictions in 2007 for child pornography, unlawful possession of ammunition as a felon, and being an armed habitual criminal. The district court dismissed the suit as time-barred. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2013 Haywood filed a sprawling complaint that appears to allege a conspiracy among the County of Champaign, its law enforcement officials, and his court-appointed lawyer to deprive him of his civil rights by framing him for crimes that he says he did not commit. This conspiracy, Haywood contends, led to his wrongful conviction in 2007 and resulting 45-year prison sentence.

The district court concluded that Haywood's claims were barred by Illinois's two-year statute of limitations. The court concluded that Haywood's alleged injury—his incarceration from his 2007 conviction—does not implicate the continuing-violation doctrine and thus did not "extend" the limitation period.

On appeal Haywood first argues that the district court overlooked his argument that his claim should not have accrued until 2011, the date when he consulted with a lawyer during state post-conviction proceedings and first could have learned about the constitutional wrongs arising out of his prosecution. We review de novo a district court's decision to dismiss a complaint on statute of limitations grounds. *See Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014). We look at the limitations period for personal injury suits in the state where the injury occurred, *see Campbell v. Forest Preserve Dist. of Cook County*, 752 F.3d 665, 667 (7th Cir. 2014), and in Illinois that period is two years, *see* 735 ILCS 5/13-202; *Wallace v. Kato,* 549 U.S. 384, 387 (2007). But Haywood challenges the accrual date of his claims, and accrual rules are governed by federal law. *See Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013); *Heard v. Sheahan*, 253 F.3d 316, 319–20 (7th Cir. 2001). The statute of limitations begins running when a plaintiff knew or *should have known* that his constitutional rights had been violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

We disagree with Haywood that he could not have discovered his constitutional injuries until his meeting with his lawyer in 2011. Haywood's state court records—of which we may take judicial notice, *see Scherr v. Marriot Int'l, Inc.,* 703 F.3d 1069, 1073 (7th Cir. 2013)—reveal that he was counseled for several months after his trial (through February 2008 by a new attorney, not the one named as a defendant) while his lawyer successfully sought to reduce his sentence. So Haywood could have discovered his injuries in 2008 by probing his lawyer, and he has not suggested why he could not have done so. Moreover, Haywood's insistence notwithstanding, the accrual date of his claims was not postponed until he gained adequate legal knowledge to understand the constitutional nature of the alleged harms. *See United States v. Kubrick*, 444 U.S. 111,

122–23 (1979). His claim accrued at no later than his sentencing in 2007, when he should have been aware of every act allegedly committed under the conspiracy that injured him. *See Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011).

Haywood next contends that his claim falls under the continuing-violation doctrine because, in his view, his incarceration is an ongoing injury, and so the statute of limitations did not start running when his trial and sentencing concluded in 2007. But the doctrine addresses violations that are cumulative in nature—allowing lawsuits "to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought," *Limestone Dev. Corp. v. Vill. of Lemont, Ill*, 520 F.3d 797, 801 (7th Cir. 2008)—rather than an ongoing injury like Haywood's incarceration that lingers once the unconstitutional act is complete, *see United States v. Midwest Generation, LLC,* 720 F.3d 644, 646, 648 (7th Cir. 2013).

AFFIRMED.